## WILLIAM KNIGHTS *versus* WILLIAM PUTNAM and SAMUEL PUTNAM.

Where a contract is attempted to be avoided or enforced by the oath of a party, pursuant to *St.* 1783, *c.* 55, § 2, against usury, all the debtors or all the creditors must offer to swear, and if required, actually swear, respectively, that there was or was not usury.

ASSUMPSIT upon a joint and several note given by the defendants to the plaintiff.   At the trial the counsel for the defendants offered to prove, by the oath of William Putnam, under *St.* 1783, *c.* 55, § 2, that the note was given for a usurious consideration.   The plaintiff objected that he was not obliged by law to repel this defence by his oath, unless both defendants should offer to swear, and if required, should actually swear to the alleged usury.   It was admitted that Samuel Putnam was living and was a resident in the county of Franklin, where the action was tried.   The judge ruled in favor of the plaintiff ; whereupon the defendants suffered a default, subject to the opinion of the whole Court.

*A Brooks* now moved that the default should be taken off. The statute provides, that "if the debtor or debtors" shall offer to make oath, &c., that usury has been reserved or taken, the contract shall be void, unless the " creditor or creditors " will swear to the contrary.   Under this provision it will be sufficient, in a case where there are several debtors, for one to make oath to the usury.   There can be no well founded objection against such construction upon principles of expediency or public policy ; because, if the testimony of the

*Sept 27th.*

16

Knights
v.
Putnam.

debtor is untrue, it may always be defeated by the testimony of the plaintiff. On the other hand, if all the debtors are required to swear to the same fact, the positive testimony of any number of witnesses rendered competent by the statute, may be overthrown by the opposing testimony of a single witness who is a creditor. So if there be but a single debtor, the statute must be held to require all the creditors, how numerous soever, to contradict his testimony, in order that they may recover. It happens not unfrequently that some of the debtors are ignorant of the fact of usury, especially where they are sureties merely ; and can it be supposed that the oath of the principal is not to be received, because the sureties cannot join in the oath ? Again, if the plaintiff's construction is adopted, however numerous the debtors or creditors may be, it will always be in the power of a single one of them to deprive the rest of their lawful rights, by refusing to join in the oath. In the case of creditors such a rule might operate with great severity and injustice ; for where the debtor chooses to resort to this mode of proving usury, the creditor has no means of disproving the fact but by his own oath.*[1]

*Wells* for the plaintiff.

*Sept. 28th.*     PARKER C. J. delivered the opinion of the Court. We think that according to the words of the statute, and probably the intent of the legislature, the parties to the suit, whether consisting of one or more, are required to swear to the fact of usury. If there are two or more defendants, we see no reason to suppose that the legislature intended that if one would swear to the fact and the others should refuse, the debt should be avoided. It ought to be made difficult for men to avoid their own contracts by their own declarations. If the statute itself creates inconvenience, it must be imputed to the nature of the subject and the difficulty of adopting novel principles in the administration of justice.

Without doubt the same rule of construction must be applied to the other branch of the requisition. Where there are more

---

* But see *St.* 1825, *c.* 143, § 2, and *St.* 1826, *c.* 27, § 5.   [Revised Stat. *c.* 35, § 4.]

[1] See *Frye* v. *Barker,* 2 Pick. (2nd ed.) 65, n. 1 ; *Train* v. *Collins,* 2 Pick (2nd ed.) 152, n 1.

creditors than one, they must all tender their oath to defeat the    Knights
oath of the debtor. This also may be very inconvenient, but    *v.*
there is scarcely any application of this part of the statute    Putnam.
which will not present inconveniences. So that the argument
*ab inconvenienti* will hardly be a safe guide on this subject.
Whenever there shall be great practical inconvenience, the
legislature will give relief; until then we must enforce the
statute as we find it.

*Motion overruled.*